UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO UYAIR PEREZ ROBLERO (A 215-836-023)<br>Petitioner,<br>v.<br>WARDEN, et. al.,<br>Respondents. | No. 1:26-cv-02291-DAD-CKD<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Factual and Procedural History

Petitioner, a 22-year-old citizen of Mexico, entered the United States in February 2019. ECF No.1 at 3. He is the father of two U.S. citizen children. Id. On or about January 9, 2026, U.S. Customs and Immigration Enforcement (ICE) officers detained Petitioner at his worksite and, presumably, placed him in removal proceedings.[1] Id. at 4. At a March 17, 2026 bond

[1] Neither party submitted a copy of Form I-213 or a Notice to Appear in this matter. In his filings, Petitioner indicated that he had been scheduled for a master calendar hearing in immigration court on April 28, 2026, but the parties have not provided the Court any updates. ECF No. 1 at 4; 2 at 4. The alien registration number that Petitioner provided is not recognized in the online automated EOIR case status portal. https://acis.eoir.justice.gov/en/

determination hearing, an immigration judge found that the court did not have jurisdiction to conduct the hearing. Id.

Petitioner filed a petition for writ of habeas corpus on March 24, 2026, claiming that his detention violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. ECF No. 1. He also filed a motion for temporary restraining order seeking immediate release. ECF No. 2. The District Judge assigned to this case ordered Respondents not to remove Pettioner or transfer him outside this district, and to address whether this case is distinguishable from Quichimbo-Jimenez v. Warden, California City Correctional Center, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and other similar cases previously decided by this court. ECF No. 4. Respondents opposed the motion for temporary restraining order, claimed that Petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and noted no substantive differences between the instant case and Quichimbo-Jimenez.[2] ECF No. 7. On March 30, 2026, the District Judge converted the motion for temporary restraining order to a motion for preliminary injunction and granted it. ECF No. 9. The Court ordered Respondents to immediately release Petitioner and enjoined and restrained Respondents from re-detaining Petitioner without written notice and a pre-detention hearing. Id. The matter was then referred to the undersigned, who ordered Respondent to submit an answer to the petition. ECF No. 10. Respondent's answer to the habeas petition only argued that it should be dismissed as moot, as Petitioner was released pursuant to the grant of preliminary relief. ECF No. 11.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful,

---

[2] The undersigned notes, however, that the petitioner in Quichimbo-Jimenez had been apprehended and released prior to the detention at issue, whereas here, the parties do not indicate that Petitioner had any prior contact with immigration authorities or had previously been released. Nonetheless, Petitioner's current period of release and his years of living freely in the U.S. prior to detention support a liberty interest in continued freedom from detention.

temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007).

### B. Statutory Immigration Framework

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The relevant detention statutes at issue here are 8 U.S.C. §§ 1225(b)(2) and 1226(a).

Under 8 U.S.C. § 1225, a noncitizen who arrives in the United States or is present in the U.S. but has not been admitted is treated as an applicant for admission. Jennings v. Rodriguez, 583 U.S. 281, 286 (2018). Noncitizens determined to be inadmissible under certain specific grounds are covered by § 1225(b)(1) and subject to expedited removal unless they demonstrate a credible fear of persecution, after which they are detained pending adjudication of their application for asylum. 8 U.S.C. § 1225(b)(1). All other applicants for admission not covered by § 1225(b)(1) fall under § 1225(b)(2). Those subject to § 1225(b)(2) "shall be detained" while placed in removal proceedings. 8 U.S.C. § 1225(b)(2)(A).

Noncitizens who are already present in the U.S. but are subject to removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a). Unlike those detained under § 1225(b)(2), where detention is mandatory, those detained under § 1226(a) may be released on bond or conditional parole. 8 U.S.C. § 1226(a)(2).

## III. Analysis

### A. Mootness

Respondents assert that, because Petitioner has been released, the habeas petition no longer presents a live controversy and should be dismissed as moot. ECF No. 11. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation…there must be some remaining 'collateral consequence' that may be redressed by

success on the petition." Abdala v. INS, 488, F.3d. 1061, 1064 (9th Cir. 2007). Here, the Court has granted only preliminary relief and has not yet ruled on the underlying due process claim. These collateral consequences must be addressed. See L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."); see also Sorto G.J., v. Warden of the Golden State Annex, et al., No. 1:26-CV-01131-TLN-CKD, 2026 WL 2409993, at *1 (E.D. Cal. Aug. 18, 2026) ("This Court granted Petitioner temporary relief pending final resolution on the merits of his habeas petition. Unless the Respondents mean to concede that Petitioner's re-detention was unlawful, the petition remains unresolved.")

**B. Applicable Detention Statute and Due Process**

Respondent's position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) is contrary to recent Ninth Circuit precedent. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026). Because ICE detained Petitioner after he had been present in the U.S. for nearly seven years, § 1226 governed his detention.

Respondents do not assert any alternative basis for Petitioner's detention and do not provide any extenuating circumstances that warrant continued or future detention. Consistent with this Court's prior ruling in Maciel v. Noem, No. 1:26-CV-01318-dc-ckd (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026), the undersigned finds that detention without a bond hearing violated Petitioner's due process rights and that continued release is appropriate.

**IV. Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED;
2. The grant of preliminary relief become permanent and Respondents be ENJOINED

AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner written notice and a pre-detention hearing before a neutral adjudicator, in which Respondents bear the burden to demonstrate that Petitioner presents a danger to the community or flight risk;

3. The order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

4. The Clerk of Court be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/28/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 pere2291.imm.fnr